IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:08-CV-81-BO

| | |
|---|---|
| VARSITY GOLD, INC., an Arizona corporation,<br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOT CRON, individually, and CRON CONSULTING CORP., a North Carolina corporation,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　**ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for Improper Venue. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## BACKGROUND

Plaintiff, Varsity Gold, Inc., is an Arizona corporation engaged in developing and funding products through high school athletic teams and other organizations to raise funding for school organizations and programs. Defendants, Scot Cron and Cron Consulting Corp., operated as a sales representative for Plaintiff in North Carolina from November 1997 until December 2007, at which time Defendants terminated their relationship with Plaintiff. In consummating their business relationship, Plaintiff and Defendants had entered into a Sales Representative Agreement, which provided a forum-selection clause among other things. Following the termination of their relationship, Defendants engaged in substantially similar business.

1

In December 2007, Defendants sought a declaratory judgment in the Superior Court of Maricopa County, Arizona, against Plaintiff relating to several restrictive covenants included in the Sales Representative Agreement. On February 29, 2008, Plaintiff filed the instant action, alleging Defendants tortiously interfered with Plaintiff's contracts, tortiously interfered with Plaintiff's business relationships, violated North Carolina Unfair and Deceptive Business Practices act, and were unjustly enriched to Plaintiff's detriment. On July 8, 2008, Defendants filed the instant motion, seeking dismissal of Plaintiff's claims.

## DISCUSSION

This Court begins its analysis with federal law, not state law, to determine the enforceability of a forum-selection clause. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "heavy burden of proof" to show that the clause is unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). Forum selection clauses may be deemed unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991); *The Bremen*, 407 U.S. at 12-13, 15, 18). If the contractual forum-selection clause is not unreasonable, we must determine whether it covers the tort claims at issue in a given case.

In the instant case, the reasonableness of the forum-selection clause is not issue.

2

Accordingly, we must determine whether the clause covers the tort claims at issue in this case. Plaintiff argues that, the forum-selection clause should not apply here because they have sued only under various tort claims that would be valid irrespective of whether a previous contractual relationship between Defendants and Plaintiff existed. This Court disagrees.

This Circuit has "honored the intent of the parties to choose the applicable law" where the given provision in the contract is "sufficiently broad to encompass contract-related tort claims." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 628 (4th Cir. 1999)(enforcing a choice of law provision where the clause was sufficiently broad to encompass contract related tort claims such as fraudulent inducement). Similarly, the Fifth Circuit, in a case "where a litigant attempted to sidestep the reach of a contractual forum-selection clause by suing under causes of action sounding in tort," held "that the forum selection clause covered the tort causes of action." *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444-45 (5th Cir. 2008). "To hold to the contrary would allow a litigant to avoid a forum-selection clause with "artful pleading." *Ginter*, 536 F.3d at 444-45 (quoting *Marinechance Shipping LTD. V. Sebastian*, 143 F.3d 216, 220-21 (5th Cir. 1998). Instead, the court examined "the language of the forum-selection clause with a common-sense view of the causes of actions to determine whether the clause was broad enough to cover the torts." *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444-45 (5th Cir. 2008).

Accordingly, to determine whether the forum selection clause applies to Plaintiff's tort actions, this Court reviews the nature of the claims brought, and remedies sought, by Plaintiff. Plaintiff brings several contract-related tort claims, seeking injunctive relief enjoining Defendants from the alleged wrongful activities. In light of the remedy Plaintiff seeks, this Court

cannot find the forum-selection clause at issue does not apply to Plaintiff's tort claims. The language of the forum-selection clause explicitly states, "...all claims for declaratory or injunctive relief...shall be venued in Maricopa County, Arizona."[1] In the instant action, Plaintiff seeks injunctive relief. Accordingly, the forum-selection clause does apply to Plaintiff's tort actions.

Further, Plaintiff has failed to allege any facts that support its assertion that the instant claims are not contract-related tort claims. In fact, Plaintiff, in its Opposition to Defendants' Motion to Dismiss, concedes that the facts of the instant case center on Defendant's knowledge of Plaintiff's business relationships. Presumably, Defendant gained such knowledge as a result of the time in which a contractual relationship existed between Defendant and Plaintiff. This Court finds it implausible that such claims could be brought if Defendants were simply competitors who established a similar business in a territory in which Plaintiff operated.

Accordingly, given the express language of the forum-selection clause and the nature of claims brought, and remedies sought, by Plaintiff, this Court finds the forum-selection clause applies to Plaintiff's claims.

---

[1]The forum-selection clause at issue states, "All lawsuits, claims or legal proceedings arising from or related to this Agreement, including all claims for declaratory or injunctive relief, shall be governed by the law of Arizona, and shall be venued in Maricopa County, Arizona, and the parties hereto acknowledge and agree that they and their successors and assigns are subject to personal jurisdiction in the courts of Maricopa County, Arizona."

4

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss is GRANTED..

SO ORDERED.

This __3__ day of November, 2008.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5